UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TYLER NORASINGH | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:23-cv-50457 |
| | ) | |
| v. | ) | |
| | ) | |
| ROSECRANCE, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Tyler Norasingh ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against Rosecrance, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Tyler Norasingh, resides in Winnebago County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Rosecrance, Inc., is a corporation doing business in and for Winnebago County whose address is 605 Mulberry Street Rockford, IL, 61103-6746.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant as a recovery specialist on or around March 16, 2023.

12. Plaintiff has a physical or mental disability that substantially limits his major life activities

13. Despite his disability, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations.

14. On or about April 9, 2023, Plaintiff requested leave to seek treatment related to a flare up of his disability

15. Defendant approved Plaintiff's request for leave to seek treatment.

16. Only two days following the approval to seek treatment, Plaintiff was abruptly terminated from his position.

17. Defendant cited "long term success concerns," as the reason for Plaintiff's termination.

18. However, the cited reason for termination was a pretext for discrimination, as Defendant had never questioned Plaintiff's potential for success before he requested leave for treatment.

19. Defendant targeted Plaintiff for termination because of his request for accommodation.

20. Plaintiff had no prior history of discipline with Defendant.

21. In retaliation for engaging in protected activity, Defendant terminated Plaintiff's employment.

22. Plaintiff is "qualified individual" as defined under the ADA.

23. Ultimately, on or about April 11, 2023, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

24. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

25. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

26. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

27. Plaintiff met or exceeded performance expectations.

28. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

29. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

30. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

31. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

32. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

33. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

34. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

36. Plaintiff is a qualified individual with a disability.

37. Defendant was aware of the disability and the need for accommodations.

38. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

39. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

40. Defendant did not accommodate Plaintiff's disability.

41. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

44. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully stated herein.

45. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

46. During Plaintiff's employment with Defendant, Plaintiff requested some time off to seek treatment for a flare up of his disability.

47. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

48. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reasonable request for accommodations thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

49. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

  f.  Reasonable attorneys' fees and costs;

  g.  Award pre-judgment interest if applicable; and

  h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 26th day of December, 2023.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*